IN THE SUPREME COURT OF THE STATE OF DELAWARE

DAVID M. KLAUDER, IN HIS )
CAPACITY AS THE CHAPTER 7 ) No. 133, 2016
TRUSTEE FOR THE BANK- )
RUPTCY ESTATE OF RAYTRANS )
HOLDINGS, INC., ) Court Below - Court of Chancery
) of the State of Delaware
    Cross-Plaintiff Below/ )
    Appellant, )
) C.A. No. 7994
and )
)
SPRING REAL ESTATE, LLC )
d/b/a/ SPRING CAPITAL GROUP, )
)
    Plaintiff Below / Appellant, )
)
    v. )
)
ECHO/RT HOLDINGS, LLC and )
ECHO GLOBAL LOGISTICS, INC., )
)
    Defendants and Cross- )
    Defendants Below / Appellees. )

Submitted: October 25, 2016
Decided: December 12, 2016

Before **VALIHURA**, **VAUGHN** and **SEITZ**, Justices.

**ORDER**

This 12th day of December 2016, upon consideration of the parties' briefs, oral

argument, and the record of the case, it appears that:

1. Two appellants, Spring Real Estate, LLC ("Spring Real Estate") and David

M. Klauder ("Trustee"), Trustee in Bankruptcy for RayTrans Holdings, Inc. ("RayTrans Holdings"), appeal Court of Chancery decisions dismissing claims which they asserted in that court.

2. Spring Real Estate appeals from a December 31, 2013 decision which dismissed fraudulent conveyance and related claims it asserted against Echo/RT Holdings, LLC ("Echo/RT") and Echo Global Logistics, Inc. ("Echo"), and from a January 24, 2014 decision denying its motion for reargument. Those claims arose out of a sale of assets in which RayTrans Distribution Services, Inc. ("RayTrans Distribution") sold substantially all of its assets to Echo/RT in 2009. Under the sales agreement, RayTrans Distribution was paid $6,050,000 at settlement and was entitled to receive up to an additional $6,500,000 over three years based on an earn-out formula. Apparently none of the potential $6,500,000 earn-out money was ever paid and it is not at all clear that any part of it is due. Echo is involved because it guaranteed Echo/RT's payment obligations under the sales agreement. Spring Real Estate became a judgment creditor of RayTrans Distribution after RayTrans Distribution sold its assets to Echo/Rt. RayTrans Distribution was a wholly owned subsidiary of RayTrans Holdings. RayTrans Holdings filed a Chapter 7 petition in bankruptcy during the pendency of the Court of Chancery action.

3. The Trustee appeals from a February 18, 2016 decision dismissing claims

which he filed against RayTrans Distribution, Echo/RT and Echo. Those claims were also fraudulent conveyance claims arising out of the same 2009 sale of assets from RayTrans Distribution to Echo/RT. The Trustee's claims were dismissed by the Court of Chancery on the grounds that the Trustee lacked standing to assert a fraudulent conveyance claim against Echo/RT and Echo and that he did not adequately plead a fraudulent conveyance. We will first address the Trustee's appeal.

4. The Court of Chancery found that the Trustee lacked standing because the transfer from RayTrans Distribution to Echo/RT was a transfer made by a subsidiary of the debtor in bankruptcy, not the debtor in bankruptcy itself (RayTrans Holdings). It's reasoning is set forth as follows:

> While the Trustee accurately defines the property in the debtor's estate, his application of the definition to the assets in question is contrary to established law. A challenged transfer "must be a transfer of an interest of the debtor in property." Property of the debtor "is best understood as that property that would have been part of the estate had it not been transferred before the commencement of bankruptcy proceedings." Accordingly, the debtor's property consists of "all legal or equitable interests of the debtor in property as of the commencement of the case," regardless of where it is located or by whom it is held. Courts first look to state law "in determining whether the debtor has an interest in the property." Under state law,
>
>> [t]he property of a debtor's estate generally does not include the property of the debtor's non-filing

3

subsidiaries. The debtor's estate includes the debtor's equity interest in its subsidiary, but not the subsidiary's assets. This distinction flows from the basic principle under the state corporate law that a corporation is a separate legal entity from its shareholders. Simply put, a "parent's ownership of all of the shares of the subsidiary does not make the subsidiary's assets the parent's."

Further, an act of a subsidiary that decreases the value of the shares of the subsidiary owned by its parent does not confer to a trustee of the parent standing to challenge the subsidiary's transfer.

One exception exists to the general rule that a parent has no property interest in the assets of a subsidiary. This general rule is based on the premise that a corporation's assets are owned by the corporation, which is considered by state law to be a legal entity distinct from its shareholders. Thus, where the subsidiary is a mere alter ego of the parent to the extent that the Court may engage in "reverse veil-piercing," the Court may treat the assets of the subsidiary as those of the parent for the purposes of a trustee's standing to void allegedly fraudulent transfers of such assets.

Here, the Trustee asserts an interest not in Holding' assets, but in those of RayTrans Distribution, Holding' wholly-owned subsidiary. Nowhere in the Cross-Claims or the Trustee's Answering Brief does the Trustee allege that RayTrans Distribution was an "alter ego" of Holdings, or that the Court should for any other reason disregard the separate corporate structures. Thus, Holdings has no direct interest in the assets of RayTrans Distribution, and the Trustee has no standing to assert that the Defendants'

4

transfer of assets pursuant to the APA was fraudulent.[1]

5. RayTrans Distribution was an Illinois corporation. Shortly after it sold its assets to Echo/RT, RayTrans Distribution was allowed to dissolve by operation of Illinois law.

6. On appeal, the Trustee contends that under Illinois law, when RayTrans Distribution was dissolved, its assets, including the right to assert any claims it held, vested in its sole shareholder, RayTrans Holding. He contends that its assets include the right to file an action against Echo/RT and Echo to seek earn-out payments which may be owed by Echo/RT, and that the dissolution vests him with standing, as RayTrans Holdings Trustee, to file a fraudulent conveyance action against Echo/RT and Echo.

7. The argument that RayTrans Distribution's assets vested in RayTrans Holdings when RayTrans Distribution dissolved was not fairly presented to the Court of Chancery and may not be raised on appeal under Rule 8. It is not discussed in the Trustee's written opposition to the motion to dismiss and was not considered by the Court of Chancery. The Trustee points to a single reference to the issue at oral argument on the motion. We have recently ruled that a short reference to an issue in

---

[1] *Spring Real Estate LLC v. Echo/RT Holdings, LLC*, 2016 WL 769586, at *3 (Del. Ch. Feb. 18, 2016) (citations omitted).

an oral argument, where prior briefing has taken place, is not sufficient to fairly present an issue to a trial court.[2]  We apply that ruling here.

8.  We agree with the Court of Chancery's analysis and its conclusion that the Trustee lacks standing to assert claims against Echo/RT and Echo.  We affirm that ruling.  We need not address the Court of Chancery's finding that the Trustee did not adequately plead a fraudulent conveyance.

9.  We now turn to Spring Real Estate's appeal.  It initiated this litigation by filing its fraudulent conveyance and related claims against Echo/RT and Echo.  It later added RayTrans Distribution, RayTrans Holdings, and James A. Ray, the principal owner of the RayTrans companies, as nominal defendants.  RayTrans Holdings filed its bankruptcy petition before the Court of Chancery issued its December 31, 2013 decision dismissing Spring Real Estate's claims.  Spring Real Estate and the Trustee contend that the bankruptcy automatic stay arising from RayTrans Holdings' bankruptcy stayed Spring Real Estate's action against Echo/RT and Echo and that the December 31, 2013 decision is therefore void, even though

---

[2] *The Roofers, Inc. v. Del. Dep't of Labor,* 2014 WL 7010733, at *1 (Del. Nov. 24, 2014).  The Trustee contends that this argument was not waived, citing our Opinion in *North River Insurance Company v. Mine Safety Appliances Company*, 105 A.3d 369 (Del. 2014).  *North River* does not support the Trustee's position.  *North River* does not stand for the proposition that *any* issue mentioned at oral argument before the trial court will be deemed to have been "fairly presented" to the trial court.  The argument referred to in *North River* was of a factual nature - as opposed to an entirely new legal theory, and there, the related legal issues were discussed at length by both the parties and the Court of Chancery.

Spring Real Estate continued to litigate its claims in the Court of Chancery without objection from the Trustee after RayTrans Holdings filed its bankruptcy petition.

10.  The contention of Spring Real Estate and the Trustee that RayTrans Holdings' bankruptcy filing stayed Spring Real Estate's action against Echo/RT and Echo is untenable and must be rejected.  The automatic stay in bankruptcy stays actions taken against the debtor or the debtor's property.[3]  Echo/RT and Echo are not debtors in bankruptcy.  In this order we are approving the Court of Chancery's ruling that the Trustee had no standing to proceed against Echo/RT or Echo, which encompasses a finding that assets conveyed to Echo/RT were not property of the debtor,  RayTrans Holdings.  For these reasons, there is no legal basis upon which to conclude that Spring Real Estate's claims against Echo/RT and Echo were stayed. The Court of Chancery decision of December 31, 2013 is not void.

NOW, THEREFORE, IT IS THE ORDER of the Court that the judgment of the Court of Chancery is AFFIRMED.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice

---

[3] *In re Conference of African Union First Colored Methodist Protestant Church*, 184 B.R. 207, 2014 (Bankr. D. Del. 1995).